An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL BALLARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65750

**FILED**

JAN 1 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a controlled substance and conspiracy to violate the uniform controlled substances act. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

First, appellant Daniel Ballard contends that insufficient evidence supports his convictions. Our review of the record, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State,* 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Although "mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession," *Konold v. Sheriff,* 94 Nev. 289, 290, 579 P.2d 768, 769 (1978) (internal quotation marks omitted), a conviction will be upheld where evidence links the accused to an operation of which that possession is a part. *Curry v. United States,* 520 A.2d 255, 263 (D.C. 1987). Here,

testimony at trial established that 61 marijuana plants were found growing in common areas of Ballard's family home. Substantial evidence indicated that the marijuana was being sold, including eyewitness testimony, an officer's testimony that the amount of marijuana in the home was significantly more than that needed for the family's personal use,[1] and a scale found in Ballard's bedroom. We conclude that the jury could reasonably infer from the evidence presented that Ballard committed the charged crimes. *See* NRS 453.336(1); NRS 453.401(1). Circumstantial evidence is sufficient to support a conviction, *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003), and a jury's verdict will not be disturbed where, as here, it is supported by sufficient evidence, *see Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Second, Ballard contends that the district court erred by denying his motion for a judgment of acquittal. Because we have determined that sufficient evidence was presented to support the convictions, we conclude that the district court did not err. *See* NRS 175.381(2) (providing that the district court may set aside the verdict and

---

[1]We note that Ballard offers no cogent argument or legal authority in support of his assertion that he could not be convicted of the crimes because the other members of his family legally possessed the marijuana. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument; issues not so presented need not be addressed by this court.").

enter a judgment of acquittal if the evidence was insufficient to sustain a conviction).

Having considered Ballard's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                               Cherry

cc:    Hon. Carolyn Ellsworth, District Judge
       Sandra L. Stewart
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk